(Superior Court of Cincinnati.)
General Term, February, 1899.

THEODORE SMITH et al. v. THE CITY OF CINCINNATI, DANIEL W. BROWN, Auditor, and HENRY ZIEGLER, Treasurer.

---

(1). Section 2264b, Revised Statutes, providing a method of making assessments ''by the abutting foot of the property bounding and abutting the improvement'', and limited in its operation to cities of the first and third grade of the first class, and cities of the second class third grade is valid and does not conflict with sec. 26, art. 2, of the constitution. Cincinnati v. Connor, 55 Ohio St., p. 82.

(2). The fact that the street improved for which the assessment is levied, is of varying widths, does not require that the assessment shall be graduated accordingly, but said assessment may nevertheless be uniform.

---

JACKSON, J; Dempsey and Davis, JJ., concur.

The plaintiffs, as property owners on John street in this city, seek to enjoin the collection of an assessment for the improvement of John street from Fourth to York streets.

On April 6, 1894, the board of administration duly passed a resolution declaring the necessity of improving John street, from Fourth street to York street, with asphalt, one-half of the cost and expense of which, it was provided, should be paid by the abutting property owners, to be assessed by the abutting foot upon the parcels of land bounding and abutting thereon, in the manner provided by law. On July 26, 1894, an ordinance for he said improvement, was duly passed, and thereafter, on November 28, 1895, the board of administration passed an assessing ordinance levying and assessing one-half of the cost upon the abutting property owners, by the abutting foot, of the several lots of land bounding and abutting on John street from Fourth street to York street.

It appears that the different lots of the plaintiffs, which are fully described in the petition herein, ''are not abutting property with reference to John street, but, as a matter of fact, only bound upon said John street; * * * that all of said lots described are corner lots having their frontage upon lateral streets with reference to John street, fronting for width upon said lateral streets and running for depth with John street.'' Therefore it is contended that the assessment is illegal, because, as it is claimed, the city had no authority to assess property bounding upon a street, the power being to assess only abutting property. And it is argued that the assessment could not be made upon the full length of property bounding upon John street, but only upon such length of the property on John street as equals the frontage of said property abutting upon the lateral streets.

It further appears that John street, where said improvements have been made, is of varying widths, to-wit: From Fourth street to Fifth street it is sixty feet wide; from Fifth street to Chestnut street it is forty feet wide; and from Chestnut street to York street it is fifty feet wide; and that between curb lines, as improved from Fourth street to Fifth street, it is thirty-six feet wide; from Fifth street to Chestnut street twenty-four feet wide; and from Chestnut street to York street thiry feet wide.

It further appears that, notwithstanding said varying widths, the board of administration levied and assessed, by the assessing ordinance, a uniform rate upon each foot of bounding and abutting property, to-wit The uniform rate of $4.040497 per foot. It is, therefore, claimed that the owners of property upon the narrower portions of John street are subjected to a greater burden than they should be called upon to bear with reference to the total cost of said improvement. It is contended that the assessment should be graduated according to the varying widths of the street, and, proportioned according to the actual cost of the improvement of the several portions of the street.

The first question presented is as to the constitutionality of section 2264b, Bates' Annotated Ohio Statutes, as follows: "In cities of the first and third grade of the first class and in cities of the second class, third grade A, in making assessments as provided for in section 2264, of the Revised Statutes, said assessments may be made on the abutting and such adjacent, contiguous or other benefited lots and lands in the corporation, either in proportion to the benefits which may result from the improvement, or according to the value of the property assessed, or by the abutting foot of the property bounding and abutting the improvement, in the manner and subject to the restrictions provided in said section 2264."

Prior to the enactment of this section the rule was as stated in Haviland v. Columbus, 50 Ohio St., 471, that "corner lots improved on the lengthwise side are assessable on the front foot only by the narrow frontage, unless the architectural front is on the long side."

It is contended that this should still be the rule of assessment, because of the alleged unconstitutionality of section 2264, which expressly authorizes assessment upon "the abutting foot of the property bounding and abutting the improvement."

It is insisted that the section in question, inasmuch as it is limited to cities of the first and third grade of the first class and to cities of the second class, third grade A, contravenes section 26, article II, of the constitution of the state, which provides that all laws of a general nature shall have a uniform operation throughout the state. But we think this question is concluded by the holding of the supreme court in the case of City of Cincinnati v. Connor, 55 Ohio St., page 82. The question there presented was as to the constitutionality of section 2271, of the Revised Statutes, as follows: "In cities of the first grade of the first class, and in corporations in counties containing a city of the first grade of the first class, the tax or assessment especially levied or assessed upon any lot or land for any improvement, shall not, except as provided in section 2272, exceed twenty-five per centum of the value of such lot or land after the improvement is made, and the cost exceeding that per centum shall be paid by the corporation out of its general revenue."

The court, in passing upon this question, say, on page 92: "The further claim is made by the plaintiff in error that section 2271 is unconstitutional; being, it is said, a law of a general nature not having uniform operation throughout the state, and, therefore, in contravention of section 26, article II, of the constitution. That the power to construct sewers and levy assessments for their cost may be appropriately conferred upon municipal corporations is not questioned; and legislation applicable to classes of such corporations as they are designated in the statute under consideration, has been uniformly sustained by the decisions of this court, and so often that we deem it unnecessary to enter upon the discussion of the question here. There is nothing in any recent decision of the court which is in conflict with former adjudications upon this question."

But it is claimed that the more recent case of Gaylord v. Hubbard 56 Ohio St., page 25, lays down a contrary rule.

It was there held, that the act of April 13, 1892, (89 O. L., 283): "To provide for the appointment of a

board of equalization and assessment in cities of the second grade of the first class, confers on the annual board of equalization created by the act powers that substantially differ from those conferred upon all other annual boards of equalization in the state by the general statute upon that subject, and, for that reason, conflicts with section 26, of article II, of the constitution of this state, and is void."

But it must be remembered that in that case the powers of the board of equalization were to fix the value of property for all purposes, municipal, county and state, and to the extent that they assumed to fix the value of property for purposes of taxation for county and state purposes, the act therein question passed beyond the demain of legislation applicable to classes of corporations as they are designated in the statute; and therefore it was properly held to contravene the section of the constitution in question.

This court, in the case of Emery v. The City, 4 Nisi Prius, page 220, after a careful review of all the authorities bearing upon the question, maintained the constitutionality of an act in many respects similar to the act in question. The question there presented was as to the constitutionality of the "alley law", which was applicable only to cities of the first grade and first class. Among other things the law provided that lots abutting upon a street may be assessed according to the abutting feet, whether corner lots, or not. It was there held: "That neither said alley nor the feature as to the assessment of corner lots is in contravention of section 26, article II, of the constitution, which requires all laws of a general nature to have a uniform operation throughout the state."

We think the act in question is, therefore, constitutional.

As to plaintiffs' second contention, that the assessment is inequitable because a uniform rate is provided, whereas John street is of varying width, we find no case bearing directly upon the question involved.

In the case of Findley v. Frey, 51 Ohio St., 390, it was held: "That where a street is of different width, it may, in a proceeding to improve, be divided into as many sections as there are different widths; and the property on each section assessed for the cost of the same."

But it is not held, or anywhere intimated, in that case, that this method of assessment is compulsory.

We think, a question substantially similar to the one here involved, was decided in the case of Wilder v. The City of Cincinnati, 26 Ohio St., 284. In the Wilder case it appears that West Eighth street was improved, by grading, from McLean avenue westward to a plank road. The work in question was done in sections; i. e., one section from McLean avenue to Mill Creek bridge; the other from the bridge to the plank road. In the trial of that case the jury made special findings of fact, from which it was apparent that the cost of the improvement per foot was much greater east than west of Mill Creek bridge, and Wilder's property abutted upon that section which was west of Mill Creek bridge. It was, therefore, contended that it was inequitable to have a uniform rate of assessment for the whole street, but that different assessments should be made for the two different sections, so that the assessment would be proportioned to the cost applicable to each particular section. But the supreme court denied the contention, and held that the uniform method of assessment adopted was proper, notwithstanding the affirmative finding that there was a great difference of cost in the improvement of the two sections of the street. In so doing the court said: "The law seeks to make assessments for improvements of this kind uniform. In this case the object was to ascertain the amount properly chargeable upon Wilder's property. This we suppose was to be done by a rule that would operate uniformly upon all abutters within the assessment district. If it was intended to charge each abutter with the actual cost of the improvement in front of his property, the legislature would have so provided in express terms."

We find nothing in the case of the

City of Covington v. Matson, 31 S-W. Rep., 897, relied upon by counsel for plaintiffs in conflict with the right asserted by the city herein.

It follows that the plaintiffs' prayer for relief herein must be denied.

W. T. Porter and Geo. H. Morgan, for Plaintiffs.

Ellis G. Kinkead and Wade Ellis, for Defendants.